**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph T. Brown,                                                   Civ. No. 19-2746 (WMW/BRT)

          Plaintiff,

v.                                                                                **ORDER AND**
                                                                     **REPORT AND RECOMMENDATION**

David Potter, David Spets, John Quist,
Eric Hennen, Lisa Stenseth, Nate
Knutson, and Guy Bosch,

          Defendants.

      This action comes before the Court on Plaintiff Joseph T. Brown's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Doc. No. 1, Compl.); Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2, IFP Application); and untitled motion (Doc. No. 3, Motion). For the following reasons, the Court denies the Motion and recommends dismissing this action (and denying the IFP Application) as moot.

      The Complaint names seven Defendants; all appear to be staff at the Minnesota Correctional Facility at Stillwater ("MCF–Stillwater"). (*See* Compl. 1.)[1] Brown, an inmate at MCF–Stillwater when he filed the Complaint, contends that he has "serious problems" with a gang in MCF–Stillwater; they purportedly "force [him] to pay them." (*Id.* at 3.) Brown asserts that the various named Defendants "have the authority to place

---

[1]    Because the Complaint's page numbers are not consecutive, citations to the Complaint use the page numbers provided by the Court's CM/ECF filing system.

[him] into" an area of MCF–Stillwater where he can avoid the relevant gang. (*Id.* at 4.) He says that he has warned the Defendants about this situation, but they have done nothing. (*See id.* at 3–5.) As relief, Brown seeks an order that the Defendants place him in a different unit, as well as an order that the Defendants "not ignore and refuse someone who cannot go to regular population." (*Id.* at 5.)

Alongside the Complaint, Brown filed the IFP Application and the Motion. The Motion is a blank motion template; the only writing on it appears to be Brown's handwriting filling out the document's caption. (*See* Mot. 1.)

As a preliminary matter, the Court denies the Motion. The Motion has no information about what sort of request Brown is making. Furthermore, even were the filing more fulsome, it is unsigned. Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Furthermore, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." (*Id.*)

This leaves the Complaint and the IFP Application. From the Court's review, it appears the Complaint is now moot. According to the Minnesota Department of Corrections's online inmate locator, Brown is no longer within the Minnesota prison system. *See* Minn. Dep't of Corrs., Offender Locator (showing no records for Brown), *available at* https://coms.doc.state.mn.us/PublicViewer/SearchResults (last accessed Jan.

10, 2020).[2] As a result, the relief he seeks—placement within a different unit at MCF–Stillwater—is no longer necessary. Because this action is now moot, the Court lacks jurisdiction over this case.[3] *See, e.g.*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016); *Lino K. v. Nielsen*, No. 19-CV-0419 (MJD/HB), 2019 WL 6733004, at *1 (D. Minn. Nov. 7, 2019), *report and recommendation adopted*, 2019 WL 6727116 (D. Minn. Dec. 11, 2019). The Court thus recommends dismissing this action without prejudice and denying the IFP Application.

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff Joseph T. Brown's Motion (Doc. No. 3) is **DENIED**.

---

[2] The Court may take judicial notice of this information regarding Brown's current incarceration location. *See, e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 & n.2 (6th Cir. 2009) (taking judicial notice of prisoner status on federal Bureau of Prison's online inmate locator); *Shields v. Kahn*, No. 17-CV-2597 (JLS/MDD), 2019 WL 2431450, at *3 (S.D. Cal. June 10, 2019) (taking judicial notice of prisoner location on state government's online inmate locator); *Sterling v. Zatecky*, No. 16-CV-3394 (JRS/MJD), 2018 WL 6110935, at *9 (S.D. Ind. Nov. 21, 2018) (same).

[3] Technically, the Complaint seeks an order not just on Brown's behalf, but for others as well. But the U.S. Court of Appeals for the Eighth Circuit has noted that a prisoner's injunctive-relief claims on behalf of others become moot once a prisoner is transferred from the facility where alleged constitutional violations took place. *See, e.g.*, *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir.) (per curiam) (recognizing that because the plaintiff "is no longer subject to the policies that he challenges, there is no live case or controversy"); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (noting previous holding "that an inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions"). As a result, the fact that the relief Brown seeks could apply to other inmates does not prevent his release from making this action moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Brown's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Doc. No. 1) be **DISMISSED** without prejudice.

2.  Brown's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) be **DENIED** as moot.

Dated: January 15, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).